UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>TRAVIS CARTER,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:07-CR-184 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Travis Carter ("defendant")'s motion for early termination of supervised release. (ECF No. 83). The government filed a response (ECF No. 88), to which defendant replied (ECF No. 89).

**I.  Background**

On September 3, 2008, defendant was sentenced to thirty months in custody and lifetime supervised release pursuant to a guilty plea on charges of receipt of child pornography. (ECF Nos. 54; 57). Defendant began his term of supervised release in February 2011. His supervised release was revoked in October 2012, and he was sentenced to nine months in custody. (ECF Nos. 79; 80). He was released in 2013 and has remained on supervision since. Defendant now moves to terminate his supervision. (ECF No. 83).

**II.  Legal Standard**

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Those factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing

**James C. Mahan**
**U.S. District Judge**

range established for the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. §§ 3553(a)(1), (4).

**III.   Discussion**

Defendant argues that his supervision should be terminated because he has substantially complied with his conditions of supervision, his revocation notwithstanding, and his status has made it difficult to find housing. (ECF No. 83). Mere compliance with supervised release conditions, without more, is not enough to modify or terminate supervision. *United States v. Boozer*, No. 2:12-cv-00004-APG-EJY, 2019 WL 7666537, at *1 (D. Nev. Oct. 1, 2019). Even if defendant is substantially compliant with all terms of his supervised release, that is not enough to justify termination; he must present a material change in circumstances. *See* 18 U.S.C. § 3553(a).

[E]ven perfect compliance with conditions of release does not qualify as "exceptionally good behavior" warranting early termination.... "Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." ... In *United States v. Medina*, the court found that though defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998). Therefore, a defendant must show something "of an unusual or extraordinary nature" in addition to full compliance.

*United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (citations omitted).

Defendant has made no such showing here. Nor is defendant, as someone convicted of a sex crime, the beneficiary of the *Guide to Judiciary Policy's* presumption in favor of termination. The court notes defendant's housing and health situations, but defendant has provided nothing more than compliance as evidence in support of early termination. While the court credits that compliance, it is not enough, standing alone, to grant this motion.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for early termination (ECF No. 83) be, and the same hereby is, DENIED.

DATED December 20, 2022.

_____
UNITED STATES DISTRICT JUDGE