UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS CARTER,<br><br>Defendant. | Case No. 2:07-cr-00184-JCM-EJY<br><br><br>**ORDER** |

Before the Court is Defendant's Motion for Permission to file a Late Notice of Appeal. ECF No. 91. The Court considered the Motion, the government's Response (ECF No. 94), and Plaintiff's Reply (ECF No. 97).

**I.    BACKGROUND**

The timeline of events relevant to the instant issue is undisputed. On November 17, 2022, Defendant filed a Motion for Early Termination of Supervised Release (ECF No. 84) that was opposed by the government (ECF No. 88) and subsequently denied by the Court on December 20, 2022 (ECF No. 90). Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Defendant had through and including January 3, 2023—fourteen days after the Court's ruling on Defendant's Motion for Early Termination of Supervised Release—to file a notice of appeal. A notice of appeal was not filed until January 12, 2023. ECF No. 91-1. The notice was filed as an attachment to the instant Motion, which requests leave of court to file the notice of appeal in an untimely manner. ECF No. 91.

Defendant contends the deadline to appeal was missed because defense counsel and her assistant were out of the office on vacation over the end of year holidays. *Id.* at 2. Counsel asserts Defendant was not informed of the Court's Order denying the Motion for Early Termination of Supervised Release until January 10, 2023. *Id.* Counsel immediately commenced discussion with Defendant about his appellate rights, and the instant Motion was filed two days later on January 12, 2023. *Id.* Defendant argues excusable neglect exists because there is no recognizable prejudice

to the government should a late notice of appeal be granted, the delay was minimal, the delay was caused by inadvertence and miscommunication, and Defendant acted in good faith. *Id.* at 3-4. For the same reasons, Defendant argues there is good cause to grant the Motion. *Id.* at 4.

In its Response, the government argues defense counsel's inadvertence and miscommunication are not bases that meet the standard for good cause or excusable neglect. ECF No. 94 at 2. The government further asserts that since Defendant's Motion for Early Termination of Supervised Release was fully briefed on December 16, 2022 (ECF No. 89), Defendant should have anticipated and been prepared for a ruling shortly thereafter. *Id.* The government cites two cases it asserts stand for the proposition that defense counsel's absence from the office because of a holiday fails to meet the high bar required to permit filing a late notice of appeal. *Id.*[1]

Defendant counters that the first case on which the government relies, *Unites States v. Arreola*, 2016 U.S. Dist. LEXIS 17788 (E.D. Cal. Feb. 12, 2016), is inapplicable because the defendant was *pro se*, had been given a clear deadline to file his notice of appeal, and provided the court an inadequate explanation for missing the deadline. ECF No. 97 at 2. In contrast, Defendant is represented by counsel and, upon learning of the denial of his Motion for Early Termination of Supervised Release, immediately began the process of filing a notice of appeal. *Id.* Defendant contends the government's second case supports Defendant's position because the Ninth Circuit, when applying the *Pioneer* factors,[2] ruled in favor of the movant seeking appeal. *Id.* at 3 *citing Lemoge v. United States*, 587 F.3d at 1198. Defendant accurately points out that in *Lemoge* the Ninth Circuit addressed each of the *Pioneer* factors, something the government does not do in this case. *Id.*

In focusing on its own oversight, defense counsel points to several cases in which the District of Nevada allowed for a late notice of appeal when the fault lays with the Office of the Federal Public Defender and not with the represented client. *Id.* at 4-5 *citing United States v. Steppes*, 14-cr-00100-GMN-GWF-1, ECF No. 33 (granting late filing where the "late filing is not the fault of Mr. Steppes, but instead, was the result of a staffing issue within the Federal Defender's

---

[1]   *Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009).
[2]   *Pioneer Investment Services Co. v. Brunswick Associates Limited P'ship*, 507 U.S. 380 (1993). These factors include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith. *Id*. at 395.

Office"); *United States v. Zarate-Hernandez*, 2:13-cr-00443-KJD-PAL-1, ECF No. 31 (granting late filing after finding the failure to filing a timely notice of appeal "appears to be attributable to Defendant's counsel, and not to Defendant himself"); *United States v. Alonso-Maldonado*, 10-cr-000197-GMN-LRL-1, ECF No. 34 (finding excusable neglect where defendant claims he timely notified his attorney of his desire to appeal).

## II.   DISCUSSION

Federal Rule of Appellate Procedure 4(b)(4) establishes the standard courts employ when addressing a motion seeking leave to file an untimely appeal in a criminal case. "Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). Fed. R. App. P. 4(b)(1)(A)(i) establishes the notice of appeal "must be filed in the District Court within 14 days after … the entry of either the judgment or the order being appealed."

"An analysis of 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court." *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015), *citing Pioneer*, 507 U.S. at 395 (*see supra* n.3). "[T]he determination is … an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S at 395. On the other hand, "'[g]ood cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Navarro*, 800 F.3d at 1109 (citation omitted).

Here, the Court reviewed the parties' pleadings and the timeline of events that transpired after the Court denied Defendant's Motion for Early Termination of Supervised Release. The Court finds that under Rule 4(b)(4) and the factors established by *Pioneer* entitled Defendant to the relief requested. First, the government has not identified, nor can the Court discern, any prejudice the government will suffer if the Court allows Defendant to file a late notice of appeal. Second, the Court finds the length of delay—nine days— and the impact on the proceedings to be, at most, minimal. While the Court encourages parties and their counsel to adhere to federal and local rules, the Court recognizes there are circumstances that fall outside of a party's control. In

this case, Defendant, represented by the FPD, was not informed of the Court's Order denying his Motion for Early Termination of Supervised Release until January 10, 2023. Defendant promptly communicated with counsel regarding his desire to appeal, and the instant Motion was filed forty-eight hours later. The FPD acknowledged its failure to timely inform Defendant of the Court's Order, pointing to absences from the office during the holiday season when the Order was entered. *Id.* The Court accepts the FPD's reasoning for the delayed filing while advising this should not become a pattern of behavior. Finally, there is no indication that Defendant is filing the instant Motion in bad faith nor does the government argue this factor in its Response.

### III.    ORDER

Accordingly, IT IS HERBY ORDERED that Defendant's Motion for Permission to file a Late Notice of Appeal (ECF No. 91) is GRANTED.

IT IS FURTHER ORDERED that the time to file a notice of appeal be extended to the date immediately following the entry of this Order, and the proposed Notice of Appeal (ECF No. 91-1) be detached from ECF No. 91 and filed by the Clerk of Court.

DATED this 9th day of February, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE